UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. BANK NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                        CASE NO. 3:24-cv-48-WWB-JBT

ADELA POWERS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on U.S. Bank's Motion to Remand to State Court and Incorporated Memorandum of Law ("Motion") (Doc. 14) and the Response thereto (Doc. 15). The Motion was referred to the undersigned for a Report and Recommendation regarding an appropriate resolution. The undersigned recommends that removal was improper for a number of reasons, including that Hunters Trace Homeowners Association 2, LLC ("HTHOA"), as a non-party, lacked standing to remove the case. Furthermore, removal is barred by 28 U.S.C. § 1441(b)(2) because Defendants are citizens of Florida, the forum state.[1] Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the case be **REMANDED** to the Fourth Judicial Circuit in and for

---

[1] Moreover, it appears that removal was untimely. HTHOA moved to intervene in the state court action on September 27, 2023 (Doc. 1-5 at 32–34), and the Notice of Removal was not filed until January 12, 2024 (Doc. 1), well beyond the thirty-day time limit contained in 28 U.S.C. §1446(b)(1).

Clay County, Florida, and the Court issue an **ORDER TO SHOW CAUSE** why attorney Eric A. Morgan should not be **SANCTIONED**.

## I.     Background

On January 12, 2024, HTHOA filed a Notice of Removal (Doc. 1) of a state court mortgage foreclosure action from Clay County, Florida, to which HTHOA was not a party. (*See* Doc. 1-5 at 32–34, 124–25) (denying HTHOA's motion to intervene). Although HTHOA was not a party to the underlying state court action, HTHOA represents itself as "Defendant" in all filings. (*See* Docs. 1, 12, & 15.) On January 31, 2024, the Court ordered HTHOA to file an amended notice of removal to correct several deficiencies. (Doc. 11.) HTHOA filed a First Amended Notice of Removal ("Amended Notice") (Doc. 12) on February 9, 2024. In the Amended Notice, HTHOA alleges jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(b). (Doc. 12 at 2.) The Amended Notice states that Plaintiff is a citizen of Delaware and "[a]ll Defendants are citizens of Florida and not citizens of Delaware" and "the amount [in] controversy is over $200,000." (*Id.*)

In the Motion, Plaintiff argues that removal was improper for several reasons, including: 1) HTHOA is a non-party and lacked standing to remove the case; 2) HTHOA's petition for removal was untimely; 3) HTHOA and Defendants are citizens of Florida, the forum state; and 4) HTHOA did not obtain consent for removal from Defendants. (Doc. 14 at 5–7.) HTHOA's Response, which appears

2

to be a "canned" and largely non-responsive document, addresses only the timeliness of the removal and not any of the other arguments.

## II.  Standard

Federal courts are courts of limited jurisdiction, which "are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotations omitted).  Under 28 U.S.C. § 1441:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  Removal provisions should be strictly construed, and defendant bears the burden of showing removal is appropriate. *Univ. of S. Alabama*, 168 F.3d at 411–12.

3

### III. Analysis

HTHOA's attorney, Eric A. Morgan of Morgan Law P.A. in Melbourne, Florida, has recently improperly removed at least two other cases in this district. *See Bank of Am., N.A. v. Holder*, No. 5:24-cv-17-TJC-PRL, 2024 WL 1325976 (M.D. Fla. Mar. 28, 2024); *U.S. Bank Nat'l Ass'n v. Hampton, et al.*, No. 3:24-cv-31-HES-JBT (M.D. Fla. Apr. 26, 2024). It is apparent that this case was also improperly removed for at least two reasons.

First, and most obviously and egregiously, HTHOA was a non-party to the state court action and therefore lacked standing to remove the case. The removal statute clearly provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*." 28 U.S.C. § 1441(a) (emphasis added). Thus, as stated in a binding decision in the Eleventh Circuit, party status to the underlying action is "a precondition for the district court to have removal jurisdiction under either Title 28, U.S.C., Section 1441 or Section 1442(a)(1)." *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973);[2] *see also Sun Tr. Bank v. Gaeta*, No. 8:10-cv-31-T-33AEP, 2010 WL 297998, at *1 (M.D. Fla. Jan. 19, 2010) ("[A] non-party cannot remove a case to federal court."); *Bank of New York*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

*v. Burgess*, No. 1:10-cv-185-ODE-AJB, 2010 WL 11647679, at *3 (N.D. Ga. June 23, 2010), report and recommendation adopted, No. 1:10-cv-1850-ODE-AJB, 2010 WL 11647680 (N.D. Ga. July 23, 2010) (quoting *Juliano v. Citigroup*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009)) ("[A] non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 . . . ."); *Edwards v. Neisler*, No. 1:23-cv-827-TCB-WEJ, 2023 WL 4047675, at *1 (N.D. Ga. Apr. 7, 2023), report and recommendation adopted, No. 1:23-cv-827-TCB, 2023 WL 4048450 (N.D. Ga. Apr. 25, 2023) (same). Since HTHOA was not a party to the state court action, the undersigned recommends that the case was improperly removed, and that the Court lacks subject matter jurisdiction.[3]

Second, and also obvious and egregious, removal is barred because the properly joined and served Defendants "are citizens of Florida." (Doc. 12 at 2.) The "forum defendant rule" provides that an action that is removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Pacheco de Perez v. AT&T*

---

[3] This does not prevent the Court, however, from sanctioning Mr. Morgan, and retaining jurisdiction to do so. *See Hyde v. Irish*, 962 F.3d 1306 (11th Cir. 2020); *Ware v. Pine State Mortg. Corp.*, 754 F. App'x 831 (11th Cir. 2018); *see also Sun Tr. Bank v. Gaeta*, No. 8:10-cv-31-T-33AEP, 2010 WL 297998, at *2 (M.D. Fla. Jan. 19, 2010) ("This Court finds that removal of this case was improper and likely effected by [a non-party] for the purposes of delay and frustration of state court processes. [The non-party] is ordered to show cause in writing within ten days of the date of this order, why monetary sanctions should not be imposed against her as requested by [p]laintiff.").

*Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("Diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed."). Although HTHOA was not a party to the state court action (*see* Doc. 1-5 at 32–34, 124–25), the other Defendants, who were properly joined and served (*see* Doc. 1-2), are citizens of Florida, which is also the forum state. (Doc. 1 at 2.) Therefore, the undersigned recommends that removal is barred by 28 U.S.C. § 1441(b)(2).

Additionally, the undersigned recommends that the Court issue an order to show cause to Mr. Morgan why he should not be sanctioned under either Rule 11 for improper removal and false representations, under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying the proceedings, and/or under the Court's inherent authority.[4] Mr. Morgan improperly removed this case and falsely represented HTHOA as a "Defendant." (Doc. 1 at 1.) He then persisted in this course of conduct, by filing an amended notice of removal (Doc. 12) and a largely non-responsive Response (Doc. 15) to the Motion, when it was or should have been painfully obvious to him that removal was improper. Furthermore, this is the fourth removal in this District initiated by Mr. Morgan within a forty-two-day timeframe, and the other cases have all been remanded.

---

[4] Notably, Mr. Morgan acknowledged that he is familiar with 28 U.S.C. § 1927 when he became a member of the Middle District. *See* M.D. Fla. R. 2.01(b)(1)(C).

On December 1, 2023, Mr. Morgan removed *The Bank of N.Y. Mellon v. Loos, et al.*, No. 6:23-cv-2309-WWB-EJK (M.D. Fla. Dec. 1, 2023), which was remanded on January 10, 2023 after his failure to respond to the Court's order to show cause why the case should not be remanded for want of subject-matter jurisdiction.  No. 6:23-cv-2309-WWB-EJK, Doc. 11 at 1.  Among other defects, Mr. Morgan alleged that "all Defendants are citizens of Florida and not citizens of Delaware" as the basis for removal jurisdiction, when in fact this prevents removal.  *Id.*, Doc. 5 at 2.

On January 9, 2024, Mr. Morgan removed *U.S. Bank Nat'l Ass'n v. Hampton, et al.*, No. 3:24-cv-31-HES-JBT (M.D. Fla. Apr. 26, 2024), which was remanded on April 26, 2024.  Judge Schlesinger rejected Mr. Morgan's revival doctrine theory and found that removal was improper because it was "untimely and well beyond the one-year limitation for diversity cases."  3:24-cv-31-HES-JBT, Doc. 26 at 4.  Judge Schlesinger further suggested that "[p]laintiff seek an award of [attorney's] fees in state court for the objectively unreasonable removal."  *Id.*

On January 10, 2024, Mr. Morgan removed *Bank of Am., N.A. v. Sorrento Holdings, et al.*, No. 5:24-cv-17-TJC-PRL, 2024 WL 1325976 (M.D. Fla. Mar. 28, 2024), which was remanded on March 28, 2024.  Chief Judge Corrigan awarded attorney's fees of $1,500 to plaintiff after finding that the removal "borders on frivolous, as even a cursory review of the law would have revealed."  No. 5:24-cv-

7

17-TJC-PRL, Doc. 16 at 3. Chief Judge Corrigan declined to address all of plaintiff's "several meritorious reasons why this case must be remanded" and ultimately remanded based upon the forum defendant rule. *Id.*, Doc. 16 at 2.

Thus, the present case, which was removed on January 12, 2024, is part of a pattern of blatantly improper removals, apparently designed to frustrate and delay state court processes. This case is particularly egregious because Mr. Morgan filed a notice of removal on behalf of a non-party and then falsely represented that entity as a "Defendant." (Doc. 1 at 1, Doc. 12 at 1, Doc. 15 at 1.) HTHOA's Response also failed to address the obvious issues raised in the Motion regarding improper removal (other than timeliness, which was addressed only perfunctorily). (Doc. 15 at 2–5.) Furthermore, the timing of the notice of removal is particularly suspect because it was filed five days before a scheduled hearing on Plaintiff's motion for summary judgment. (Doc. 14 at 3; Doc. 14-4.) Therefore, the undersigned respectfully recommends that the Court issue an order to show cause to Mr. Morgan why he should not be sanctioned.

## IV. Conclusion

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 14**) be **GRANTED**.

2. The case be **REMANDED** to the Fourth Judicial Circuit in and for Clay County, Florida.

3. The Court issue an **ORDER TO SHOW CAUSE** to attorney Eric A. Morgan why he should not be **SANCTIONED**.

4. The Court retain jurisdiction for the limited purpose of addressing sanction issues only.

5. The Clerk of Court be directed to administratively close the file.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 25, 2024.

_____
JOEL B. TOOMEY
United States Magistrate Judge

9

Copies to:

The Honorable Wendy W. Berger
United States District Judge

Counsel of Record